New Jersey Department of Labor,
Workmen's Compensation Bureau.

FRANK ROMANOWSKI, PETITIONER, v. WALLINGTON HOUSE WRECKING COMPANY, RESPONDENT.

Decided December 16, 1938.

For the petitioner, *Joseph F. A. Rubacky.*

For the respondent, *Albert E. Schober.*

\*       \*       \*       \*       \*       \*       \*

In the case *sub judice* permanent disability is alleged as a result of accident of March 25th, 1937, while petitioner was employed by respondent as a house wrecker. It is alleged he fell two stories fracturing the seventh and nineteenth ribs. He was compensated for temporary compensation for three and one-seventh weeks and a permanency of two per cent. of total.

He alleges that permanency allowed was not adequate to compensate him for permanency that resulted.

On February 1st before the cause could be heard on its merits petitioner died. Action is now being brought by petitioner's wife acting in the capacity of administrator.

Petitioner died as the result of coronary thrombosis and

coronary sclerosis. In my opinion there was no relationship between death and accident.

Petitioner did suffer from a pre-existing anamoly of the chest of long duration.

As to the disability. Examination by Dr. Koppel of petitioner reflected a total disability of fifteen per cent. of total. Dr. Wilner and Dr. Harryman were of the opinion that five per cent. of total was adequate.

Section 11 (z) provides that where a person dies from any cause other than the accident during the period of payments for permanent injury, the remaining payments shall be paid to such of his dependents as are included in the provisions of the act.

There are no provisions for payments of compensation where petitioner is still under temporary or where temporary has been decided.

In this instance a different problem presents itself.

Temporary payments were over. Permanent had been paid on the basis of two per cent. of total. The respondent's doctors estimated a disability in excess of that amount as did the petitioner's doctors.

In my opinion where permanency has been determined prior to petitioner's death from causes other than the accident and that amount has not been paid or an amount less than that determined has been paid this bureau is authorized to determine what amount should have been paid before petitioner's death.

I am, therefore, awarding compensation as follows: Temporary disability, as paid. Permanent disability, fifteen per cent. total or seventy-five weeks at $10 per week. (Credit to be given for two per cent. originally paid.)